UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS M. ASH,

    Plaintiff,

v.	Case No. 5:15cv309/MP/CJK

ALAN STROBEL et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's first amended civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 16). The filing fee has been paid. (Doc. 13). For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915A, for plaintiff's failure to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Bay Correctional Facility. (Doc. 16). Plaintiff's first amended complaint names three defendants: Alan Strobel, a lieutenant with the Bay County Sheriff's Office; Aaron Wilson, an investigator with the Parker Police Department; and Joe Adams, an officer

with the Panama City Police Department. (Doc. 16, pp. 1-2). Plaintiff claims that on April 20, 2014, defendant Wilson and officers of the Parker Police Department violated his rights under the Fourth Amendment when they entered and searched his residence with only a search warrant application (no warrant), and without valid consent. Plaintiff alleges that during the search, defendant Wilson discovered and seized a firearm located in a black plastic bag. (Doc. 16, pp. 5-6). Plaintiff was then charged in Bay County Circuit Court Case No. 2014-CF-1322 (doc. 16, p. 6; *see also* doc. 1, pp. 2, 5 and Attach.), and he complains that evidence from the search was admitted at his trial in violation of the "fruit of the poisonous tree doctrine". (Doc. 16, pp. 6-7). Plaintiff also asserts that the "county press" published news of his arrest which tainted the jury pool, in violation of the "bad character doctrine", and that one or more witnesses committed perjury at his trial. (Doc. 16, p. 6).

In addition to the Fourth Amendment claim, plaintiff also alleges that on the date of the criminal trial and verdict in Case No. 2014-CF-1322, defendant Strobel deprived him of his personal property (a check made out to plaintiff in the amount of $9,207.47 which constituted proceeds from a personal injury action). (Doc. 16, p. 6 and Attach.). Strobel forwarded the check to the BCSO criminal investigations unit "for further review". (Doc. 16, p. 6 and Attach.; *see also* Doc. 1, pp. 5-6, 8). Plaintiff

claims Strobel's seizure of the check violated the Fourteenth Amendment's Due Process Clause, because there was nothing criminal about the check. (Doc. 16, p. 6). As relief in this action, plaintiff seeks the following: "Justice, freedom, liberty and equality (Equality Clause 1899) seeking statutory penalty (18c) imposing of punitive damages." (Doc. 16, p. 7).

The court takes judicial notice of entries appearing on the online docket for Bay County, Florida Circuit Court Case No. 2014-CF-1322. *See* Bay County, Florida Clerk of Court, http://baycoclerk.com (perform "Case Search" for Case Number 14001322CF).[1] The docket sheet for Case No. 2014-CF-1322 shows that the case was opened on April 22, 2014, upon plaintiff being arrested and charged with the crime of possession of a firearm by a convicted felon. (*Id.*). Plaintiff was convicted

---

[1]The court may take judicial notice of facts that are "not subject to reasonable dispute," because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice of facts may be taken at any stage of the proceeding. *Id*. 201(c)-(d). The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent. *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting that district judge permissibly looked at docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); *United States v. Mercado*, 412 F.3d 243, 247-48 (1st Cir. 2005) (taking judicial notice of state court docket entries); *Thomas v. Sec'y, Fla. Dep't of Corr.*, — F. App'x —, 2016 WL 683715 (11th Cir. Feb. 19, 2016) (taking judicial notice of another court's order for the limited purpose of recognizing the "judicial act" the order represented (*citing United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994))).

of the charge on October 9, 2015, and sentenced to five years in prison. The judgment and sentence was rendered November 5, 2015. (*Id*.). Plaintiff is now serving that term of imprisonment. (Docs. 6, 7; *see also* www.dc.state.fl.us.).

## DISCUSSION

Title 28 U.S.C. § 1915A mandates that the district court review, as soon as practicable, a civil complaint in which a prisoner seeks redress from a governmental employee, and that the court dismiss the complaint, or any portion of it, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In applying this standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the

plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking those well-pleaded allegations of plaintiff's amended complaint as true and considering them together with the judicially noticed facts, plaintiff's complaint

Page 6 of 9

fails to state a plausible § 1983 claim against any named defendant. A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

    1. the conduct complained of was committed by a person acting under color of state law; and

    2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's Fourth Amendment claim is based on the alleged illegal search of his residence which resulted in the seizure of a firearm ultimately used to convict him of being a felon in possession of a firearm in Case No. 2014-CF-1322. To the extent plaintiff seeks release from prison (*i.e.*, "freedom" and "liberty"), his claim is not cognizable in this § 1983 proceeding, because such relief is in the nature of habeas corpus. *See Heck v. Humphrey* 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983.").

To the extent plaintiff seeks damages for the allegedly unlawful search and seizure, his claim is barred by *Heck, supra*. In *Heck*, the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been invalidated. 512 U.S. at 486-87. If the plaintiff fails to demonstrate that the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Here, the Fourth Amendment claim, if decided in plaintiff's favor, would necessarily imply the invalidity of the state conviction and sentence for felon in possession of a firearm, because the firearm forming the basis of the charge was discovered during the search. As plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated, or impugned by a state or federal court, this Fourth Amendment claim is barred by *Heck*. *See id*.

To the extent plaintiff challenges Strobel's seizure of the personal injury check (and assuming this claim does not necessarily imply the invalidity of the criminal judgment in Case No. 2014-CF-1322), plaintiff still has no viable due process claim,

*Case No: 5:15cv309/MP/CJK*

because it appears he has an adequate post-deprivation remedy available under state law. *See* Fla. Stat. §§ 932.701-707 (the Florida Contraband Forfeiture Act) (providing a time frame for the seizing agency to initiate a forfeiture proceeding and allowing for a replevin action if the seizing agency fails to promptly initiate a forfeiture action); *see also* Fla. Stat. § 933.14 (providing the procedure for seeking the return of property seized under a warrant); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (explaining that the seizure of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available.").

Neither of plaintiff's claims states a plausible basis for relief under § 1983. This suit should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915A, for plaintiff's failure to state a claim upon which relief may be granted.

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 15th day of March, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.